UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF TEXAS

CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| **BOLLINGER AMELIA REPAIR, LLC** | * | **CIVIL ACTION NO. 2:19-cv-00370** |
| | * | |
| | * | |
| versus | * | |
| | * | **JUDGE DAVID S. MORALES** |
| **BOUCHARD TRANSPORTATION CO., INC.,** | * | |
| *in personam,* **BARGE B NO. 240,** *in rem,* | * | |
| **B NO. 240 CORP.,** *in personam* | * | |
| | * | **MAG. JUDGE JULIE K. HAMPTON** |
| * * * * * * * * * * * * * | * | |

**BOLLINGER AMELIA REAIR, LLC'S**
**MOTION FOR INTERLOCUTORY SALE OF VESSEL**

**NOW INTO COURT**, through undersigned counsel, comes Plaintiff, Bollinger Amelia Repair, LLC ("Bollinger"), who submits this memorandum in support of its Motion for Interlocutory Sale of the Barge B NO. 240.

**I.   FACTUAL BACKGROUND**

(1) Bollinger Provided Necessaries to Barge B NO. 240

Barge B NO. 240 is owned by B NO. 240 Corp.  Barge B NO. 240 is operated by Bouchard Transportation Co., Inc. ("Bouchard").  On or about October 2, 2018 and thereafter, at Bouchard's request Bollinger provided labor, material, and equipment to repair Barge B NO. 240, which constituted necessaries to that vessel pursuant to the Commercial Instruments and Maritime Liens Act, 46 U.S.C. § 31301.  *See* Doc. 1, Verified Compl. ¶ 7.  Bollinger subsequently issued numerous invoices to Bouchard for this work, some of which were partially paid.  *See id.* ¶ 8.  The total

1

amount outstanding and owed to Bollinger for necessaries provided to Barge B NO. 240 is $1,119,752.81. *Id.* ¶ 9. Bollinger also is owed interest and costs.

(2) The Proceedings in Louisiana

On October 16, 2019, Bollinger commenced proceedings in the United States District Court for the Eastern District of Louisiana seeking payment of the invoices for the work related to Barge B NO. 240 and payment of other work that Bollinger had performed for Bouchard on three other Bouchard vessels. *Bollinger Amelia Repair, LLC v. Bouchard Transp. Co.*, No. 2:19-cv-13145 (E.D. La. filed Oct. 16, 2019). On January 16, 2020, Bouchard filed its Answer to those proceedings, which remain pending in New Orleans.

(3) The Proceedings in Corpus Christi

Bollinger sought security for its claims relating to Barge B NO. 240. Therefore, on December 9, 2019, Bollinger filed a Verified Complaint (Doc. 1) and an amended Verified Complaint (Doc. 5)[1] in the United States District Court for the Southern District of Texas (Corpus Christi Division) seeking to arrest Barge B NO. 240, pursuant to Rule C of the Supplemental Rules for Admiralty or Maritime Claims of the Federal Rules of Civil Procedure, which was located in this judicial district. Bollinger also filed a Motion for Issuance of Warrant of Arrest (Doc. 3) and Motion to Permit Cargo and Repair Operations and Movement of Vessel (Doc. 4).

On December 10, 2019, the Court issued an Order granting the Motion for Issuance of Warrant of Arrest (Doc. 7) and issued a Warrant to Seize a Vessel (Doc. 9). The Court also issued an Order granting the Motion to Permit Cargo and Repair Operations and Movement of Vessel (Doc. 8). Additionally, Plaintiff filed a motion to amend the above orders to add the IMO Number

---

[1] Martin Energy Services LLC and Bay-Houston Towing Co. have also filed complaints against Bouchard and its vessels. *See* Verified Original Complaint, *Bay-Houston Towing Co. v. M/V Barbara E. Bouchard*, No. 4:19-cv-04807 (S.D. Tex. Dec. 10, 2019); Verified Complaint, *Martin Energy Servs., LLC v. M/V Barbara E. Bouchard*, No. 2:19-cv-00368 (S.D. Tex. Dec. 6, 2019).

2

of Barge B. NO. 240 (Doc. 10).  The Court issued an Order granting the motion the same day (Doc. 11).

On or about December 12, 2019, the U.S. Marshal seized Barge B NO. 240 located within the Southern District of Texas at Corpus Christi, pursuant to the Warrant of Arrest.  *See* Doc. 13, Process Receipt & Return.  Barge B NO. 240 has remained under arrest since December 12, 2019.[2] On January 2, 2020, Bollinger filed a Motion to Appoint Substitute Custodian (Doc. 15).  The Court granted the motion and issued an Order appointing Bouchard, through the Master and Relief Master of the M/V BARBARA E. BOUCHARD, the vessel which has Barge B NO. 24 under tow, as the substitute custodian (Doc. 16).

On January 2, 2020, B NO. 240 Corp. filed a Restricted Appearance and Original Answer (Doc. 14).  However, since the arrest, Bouchard has not filed a statement of interest and has seemingly made no attempt to obtain a bond or other form of security to release Barge B NO. 240, despite having over eight weeks to do so.

At time of writing, Barge B NO. 240 (and the M/V BARBARA E. BOUCHARD) remain under arrest with Bouchard, through the master or relief master, serving as substitute custodian. The tug and barge are at anchor off Port Aransas.

However, on February 8, 2020, counsel for Bouchard advised undersigned counsel that the crew of the M/V BARBARA E. BOUCHARD had run out of food and needed money to procure a launch to take them ashore to buy groceries.  He requested that Bollinger (and the other parties who had arrested the M/V BARBARA E. BOUCHARD and/or Barge B. NO. 240) consider

---

[2] Bay-Houston Towing Co. has also seized the Barge B NO. 240.  *See* Process Receipt & Return, *Bay-Houston Towing Co.*, No. 4:19-cv-04807 (S.D. Tex. Jan. 3, 2020). Martin Energy Services, LLC has only seized the M/V BARBARA E. BOUCHARD.

advancing funds so that the crew could go ashore to buy food. No arresting party was prepared to do this. It is unknown to undersigned counsel how—if at all—this issue has been resolved.

On February 8, 2020, the United States Coast Guard ordered the M/V BARBARA E. BOUCHARD and Barge B. NO. 240 to leave anchorage and come into port because he was concerned that crew "may abandon the vessel… due to lack of food and water and failure to receive wages, among other reasons."[3] Bouchard's response to this letter is unknown.

At the time of writing, it appears that the tug and barge can be docked at a facility owned by Martin Energy Services LLC ("Martin Energy"). This will require the assistance of a tug at an estimated cost of $12,000, or possibly less if it can be undertaken by Bay-Houston Towing, Inc., who has also arrested both the tug and berth. The cost of berthing the M/V BARBARA E. BOUCHARD and Barge B. NO. 240 will be $420 per day. Martin Energy may well incur additional costs associated with the berthing of the tug and barge[4] Given that Bouchard has seemingly made no attempt to obtain security or have the tug and barge released, these costs could run indefinitely.

(4) The State of Bouchard

But it is not just in Corpus Christi that Bouchard faces legal woes. Multiple lawsuits in multiple jurisdiction against multiple Bouchard vessels have been filed. Perhaps more importantly though is the United States Coast Guard's interest in Bouchard in other jurisdictions. As noted, the United States Coast Guard in Corpus Christi has ordered the M/V BARBARA E. BOUCHARD and Barge B NO. 240 into port. The situation is, if anything, worse elsewhere.

On January 29, 2020, the United States Coast Guard in Staten Island, New York issued a letter to Bouchard and the master of the RHEA I. BOUCHARD noting: "While our marine

---

[3] Letter from United States Coast Guard (Corpus Christi), dated February 8, 2020, attached as Exhibit A.
[4] Martin Energy's Master Rate Sheet is attached as Exhibit B.

inspectors were on board these [Bouchard] vessels, crews relayed critical operational conditions such as low fuel and lube oil levels, potential stability concerns, and unauthorized vessel to vessel fuel transfers."[5] It is unknown if Bouchard undertook the corrective measures ordered in that letter.

Similarly, on February 6, 2020, the United States Coast Guard in New Orleans, Louisiana, issued a letter to Bouchard and the master of the M/V DONNA J. BOUCHARD, which identified various issues with the vessel and concluding that the vessel posed a serious risk to the safety and security of the port of New Orleans and requiring certain corrective measures.[6]  Again, it is unknown if Bouchard undertook the corrective measures ordered in that letter.

It appears that Bouchard is in a state of chaos and facing a myriad of problems on multiple fronts. That may be why it has taken so little interest in these proceedings and seemingly taken no steps to post security such that Barge B NO. 240 can be released. In such circumstances, a sale of the barge is the most prudent course of action.

## II. LAW AND ARGUMENT

(1) Supplemental Admiralty and Maritime Claims Rule E Mandates an Interlocutory Sale

When a vessel has been arrested pursuant to Rule C, the party arresting the vessel can seek an interlocutory sale of the vessel. Supplemental Admiralty and Maritime Claims Rule E provides that an interlocutory sale of property is appropriate where:

> (A)  the attached or arrested property is perishable, or liable to deterioration, decay, or injury by being detained in custody pending the action;
> (B)  the expense of keeping the property is excessive or disproportionate; or
> (C)  there is an unreasonable delay in securing release of the property.

Supp. AMC Rule E(9)(a)(i).  The party seeking the interlocutory sale need only demonstrate that one of these conditions is met to justify an interlocutory sale of the vessel. *Seatrade Grp. N.V. v.*

---

[5] Letter from United States Coast Guard (Staten Island), dated January 29, 2020, attached as Exhibit C.
[6] Letter from United States Coast Guard (New Orleans), dated February 6, 2020, attached as Exhibit D.

*6,785.5 Tons of Cement*, No. CIV.A. H-05-2771, 2005 WL 3878026, at *4 (S.D. Tex. Dec. 7, 2005) (citing *Silver Star Enters., Inc. v. M/V Saramacca*, 19 F.3d 1008, 1014 (5th Cir. 1994)). In this case, sale is appropriate because: (1) the expense of keeping Barge B NO. 240 docked at the Martin Energy facility is excessive and/or disproportionate; and/or (2) the unreasonable delay by Bouchard in securing the release of Barge B NO. 240.

(2) The Cost of Docking Barge B NO. 240 is Excessive and/or Disproportionate

Interlocutory sale of a vessel is appropriate when the expenses of maintaining the property are excessive or disproportionate. Courts routinely find that maintenance expenses of several thousand dollars per month are excessive and disproportionate, particularly where a defendant has made no attempt to answer the complaint or secure the vessel's release. *Vineyard Bank v. M/Y Elizabeth I*, No. 08CV2044, 2009 WL 799304, at *2 (S.D. Cal. Mar. 23, 2009) (finding expenses of almost $4,500 per month and over $53,000 per year, absent any additional custodial, insurance, and other expenses to be excessive); *see also Ferrous Fin. Servs. Co. v. O/S Arctic Producer*, 567 F. Supp. 400, 401 (W.D. Wash. 1983) (finding expenses of $166,000 per year to be excessive).

Now that the Coast Guard has ordered Barge B. NO. 240 to come into port, excessive expenses will be incurred by the seizing parties. It will cost up to $12,000 to dock the tug and barge and the subsequent wharfage expenses will be roughly $420 per day, plus whatever additional costs Martin Energy incurs. This will amount to expenses of over $150,000 annually. Because of these excessive expenses, an interlocutory sale is appropriate.

(3) There Has Been Unreasonable Delay in Obtaining Security

A motion for interlocutory sale may also be granted after the court has permitted defendants sufficient time to provide a bond to secure the vessel's release. *Bank of Rio Vista v. Vessel Captain Pete*, No. C 04-2736CW, 2004 WL 2330704, at *2 (N.D. Cal. Oct. 14, 2004). Defendants are

typically given roughly four months to bond a vessel absent other considerations. *Id.*; *Seatrade*, 2005 WL 3878026, at *4; *Neptune Orient Lines, Ltd. v. Halla Merch. Marine Co.*, No. CIV. A. 97-3828, 1998 WL 128993, at *6 (E.D. La. Mar. 20, 1998). However, this does not prevent a plaintiff from filing a motion for interlocutory sale. *See, e.g.*, *Vineyard Bank*, 2009 WL 799304, at *2. Moreover, this does not prevent a court from granting the motion and setting a sale date. *See, e.g.*, *Bank of Rio Vista*, 2004 WL 2330704, at *2. Courts have also used an interlocutory sale to incentivize a defendant to secure release of its vessel. *See, e.g.*, *id.*

Here, Barge B NO. 240 was arrested on December 12, 2019. Since the arrest, Defendants have not filed a statement of interest or made any attempt to obtain a bond or other form of security. The only action that has been taken is B NO. 240 Corp.'s restricted appearance. It is evident from the failure of the owner to seek release of Barge B NO. 240 that there is no intention to do so. Moreover, by the time this motion has been fully briefed and considered by the Court, it will likely be close to or more than four months since the arrest. Therefore, interlocutory sale is justified and appropriate.

    (4) <u>In the Alternative, the Court Should Set a Deadline for Bouchard to Provide Security</u>

If the Court determines that this motion is premature, Bollinger respectfully requests that a deadline be set for Bouchard to post security, failing which an interlocutory sale will be ordered. Such an order would at the very least provide some certainty as to how long the seizing parties will have to continue to pay for the docking of Barge B NO. 240.

### III.    CONCLUSION

For the reasons stated herein, Bollinger respectfully requests that the Court enter an order compelling the interlocutory sale of Barge B NO. 240 or in the alternative set a date by which security must be posted, failing which the barge will be sold.

7

                Respectfully submitted,

                **ADAMS AND REESE, LLP**

                */s/ Matthew A. Copeland*
                MATTHEW A. COPELAND
                Texas Bar No. 24082856
                matt.copeland@arlaw.com
                LyondellBasell Tower
                1221 McKinney, Suite 4400
                Houston, TX 77010
                Telephone: (713) 652-5151
                Facsimile: (713) 652-5152

MATTHEW C. GUY
Texas Bar No. 24050702
matthew.guy@arlaw.com
LyondellBasell Tower
1221 McKinney, Suite 4400
Houston, TX 77010
Telephone: (713) 652-5151
Facsimile: (713) 652-5152
*Attorneys for Bollinger Amelia Repair, L.L.C.*

## CERTIFICATE OF SERVICE

      I hereby certify that on February 11, 2020, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system. A true and correct copy of the foregoing instrument has been served upon counsel for Bouchard Transportation Co. Inc., as listed below, via email:

James F. Buchanan
jbuchanan@welderleshin.com
Welder Leshin
One Shoreline Plaza
800 North Shoreline Boulevard
Suite 300, North Tower
Corpus Christi, Texas 78401

                */s/ Matthew A. Copeland*
                MATTHEW A. COPELAND