UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF TEXAS

CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| **BOLLINGER AMELIA REPAIR, LLC** | * | **CIVIL ACTION NO. 2:19-cv-00370** |
| | * | |
| | * | |
| **versus** | * | |
| | * | **JUDGE DAVID S. MORALES** |
| **BOUCHARD TRANSPORTATION CO., INC.,** | * | |
| *in personam,* **BARGE B NO. 240,** *in rem,* | * | |
| **B NO. 240 CORP.,** *in personam* | * | |
| | * | **MAG. JUDGE JULIE K. HAMPTON** |
| ** * * * * * * * * * * * * | * | |

**MOTION FOR EXPEDITED HEARING ON**
**MOTION FOR INTERLOCUTORY SALE OF VESSEL**

**NOW INTO COURT**, through undersigned counsel, comes Plaintiff, Bollinger Amelia Repair, LLC ("Bollinger"), and asks the Court to expedite the hearing on its Motion for Interlocutory Sale of Vessel, and respectfully shows the Court as follows:

1. On February 13, 2020, Bollinger filed a Motion for Interlocutory Sale of Vessel urging this Court that an interlocutory sale is appropriate because the expense of keeping the property is excessive or disproportionate and because there has been an unreasonable delay in securing release of the property. *See* Doc. 27, Mot. Interlocutory Sale Vessel.

2. As stated in the Motion, the United States Coast Guard has ordered the M/V BARBARA E. BOUCHARD and Barge B. NO. 240 to leave anchorage and come into port. *See id.* at 4.

3. On January 29, 2020, the Coast Guard in Staten Island, New York issued a letter to Bouchard and the master of the RHEA I. BOUCHARD noting: "While our marine inspectors

were on board these [Bouchard] vessels, crews relayed critical operational conditions such as low fuel and lube oil levels, potential stability concerns, and unauthorized vessel to vessel fuel transfers."[1] It is unknown if Bouchard undertook the corrective measures ordered in that letter.

4. On February 6, 2020, the Coast Guard in New Orleans, Louisiana, issued a letter to Bouchard and the master of the M/V DONNA J. BOUCHARD, which identified various issues with the vessel and concluding that the vessel posed a serious risk to the safety and security of the port of New Orleans and requiring certain corrective measures.[2] Again, it is unknown if Bouchard undertook the corrective measures ordered in that letter.

5. On February 10, 2020, the Coast Guard of Port Arthur, Texas, issued a letter to Bouchard and the master of the M/V DANIELLE M. BOUCHARD, stating that some crew members have departed without replacements and that the Captain has threatened to abandon post while at anchorage. Further, the letter stated that the vessels are critically unsafe and that the crew on board is unable to respond to an emergency.[3] Again, it is unknown if Bouchard undertook the corrective measures ordered in that letter.

6. On February 10, 2020, the Coast Guard of Port Arthur, Texas, issued a letter to Bouchard and the master of the M/V KIM M. BOUCHARD, stating that the vessel's crew has also threatened to abandon post while at anchorage.[4] Again, it is unknown if Bouchard undertook the corrective measures ordered in that letter.

7. Currently, there are multiple other proceedings against Bouchard including in the United States District Courts for the Eastern District of Louisiana, the Middle District of Florida, the Southern District of Mississippi, the Southern District of New York, and the Southern

---

[1] Letter from United States Coast Guard (Staten Island), dated January 29, 2020, attached as Exhibit B.
[2] Letter from United States Coast Guard (New Orleans), dated February 6, 2020, attached as Exhibit A.
[3] Letter from United States Coast Guard (Port Arthur), dated February 10, 2020, attached as Exhibit C.
[4] Letter from United States Coast Guard (Port Arthur), dated February 10, 2020, attached as Exhibit D.

District of Texas.

8. On February 11, 2020, a class action suit was filed in the Southern District of New York against Bouchard for unpaid seaman wages.[5]

9. The costs associated with the Barge B No. 240 are significant and increasing by the day.

10. Federal courts have the inherent power to manage their dockets to achieve orderly and expeditious disposition of cases. *See Chambers v. NASCO, Inc.*, 501 U.S. 32, 43-44 (1991).

11. Because of the importance of deciding this matter quickly, Bollinger proposes that the hearing be held on the first possible convenient date for the Court.

WHEREFORE, Bollinger respectfully requests the Court grant this Motion for Expedited Hearing on Motion for Interlocutory Sale of Vessel, and for such other relief, both legal and equitable, to which Bollinger may show itself justly entitled.

Respectfully submitted,

**ADAMS AND REESE, LLP**

*/s/ Matthew C. Guy*
MATTHEW C. GUY
Texas Bar No. 24050702
matthew.guy@arlaw.com
LyondellBasell Tower
1221 McKinney, Suite 4400
Houston, TX 77010
Telephone: (713) 652-5151
Facsimile: (713) 652-5152

---

[5] *See Bailey v. Bouchard Transp. Co.*, No. 1:20-cv-01207 (S.D.N.Y. filed Feb. 11, 2020).

OF COUNSEL:
MATTHEW A. COPELAND
Texas Bar No. 24082856
matt.copeland@arlaw.com
LyondellBasell Tower
1221 McKinney, Suite 4400
Houston, TX 77010
Telephone: (713) 652-5151
Facsimile: (713) 652-5152
*Attorneys for Bollinger Amelia Repair, L.L.C.*

## CERTIFICATE OF SERVICE

    I hereby certify that on February 14, 2020, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system. A true and correct copy of the foregoing instrument has been served upon counsel for Bouchard Transportation Co. Inc., as listed below, via email:

James F. Buchanan
jbuchanan@welderleshin.com
Welder Leshin
One Shoreline Plaza
800 North Shoreline Boulevard
Suite 300, North Tower
Corpus Christi, Texas 78401

                                                 /s/ Matthew C. Guy
                                                 MATTHEW C. GUY

## CERTIFICATE OF SERVICE

    I hereby certify that a copy of the above and foregoing document has been forwarded to all counsel of record by electronic filing and/or email on this 14th day of February, 2020.

                                                 /s/ Matthew A. Copeland