UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| BOLLINGER AMELIA REPAIR, LLC, | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. 2:19-CV-00370 |
| | § | |
| BOUCHARD TRANSPORTATION CO., | § | |
| INC., *et al*, | § | |
| | § | |
| Defendants. | § | |

## <u>ORDER</u>

Now pending is plaintiff Bollinger Amelia Repair, LLC's motion for the interlocutory sale of the Barge B No. 240 (D.E. 27) under Supplemental Admiralty Rule E(9)(a)(i)(B), (C). Defendant Bouchard Transportation Company, Inc., opposes the motion, contending that: (1) the expense of keeping Barge B No. 240 is not excessive or disproportionate under Rule E(9)(a)(i)(B); and (2) there has not been an unreasonable delay in securing release of the property under Rule E(9)(a)(i)(C) where the barge has only been arrested since December 2019. (D.E. 34).

For reasons discussed further at the February 26, 2020, hearing on the motion, the undersigned concludes that, based on precedent, the expense of keeping the barge is not excessive or disproportionate relative to the value of Plaintiff's claim or the value of the barge. *See, e.g., La. Int'l Marine, L.L.C. v. Drilling Rig ATLAS CENTURY*, No. 2:11-cv-186, 2011 WL 7637219 at *2-3 (S.D. Texas Nov. 21, 2011). Moreover, the undersigned concludes that, at this point, there has not been an unreasonable delay in securing the release of the barge because less than three months have passed since the arrest of the

barge, and defendants are typically given four or more months before a delay is considered unreasonable. *See id.* at \*3-4. Finally, while the undersigned agrees with Plaintiff that Defendant's ongoing legal issues in other districts could be relevant to a Rule E(9)(a)(i)(C) analysis, Plaintiff was unable to provide any precedent indicating that those legal issues should accelerate the length of time typically given to defendants to secure the release of their property.

Accordingly, the motion (D.E. 27) is DENIED without prejudice to refiling no sooner than 90 days after the date of this order, or **Wednesday, May 27, 2020**.

ORDERED this 27th day of February, 2020.

_____
Julie K. Hampton
United States Magistrate Judge