**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**CORPUS CHRISTI DIVISION**

| | | |
|---|---|---|
| BOLLINGER AMELIA REPAIR, LLC, | § | |
| | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| | § | |
| VS. | § | Civil Action No.: 2-19-cv-00370 |
| | § | |
| | § | |
| BOUCHARD TRANSPORTATION CO. | § | |
| INC., *et al*, | § | |
| | § | |
| | § | |
| Defendants. | § | |

## <u>VERIFIED COMPLAINT IN INTERVENTION</u>

Plaintiff-In-Intervention Novum Energy Trading Inc. ("Novum"), files this Verified Complaint In Intervention (the "Complaint") pursuant to Rules B and C of the Supplemental Rules for Certain Admiralty and Maritime Claims and Asset Foreclosure Actions of the Federal Rules of Civil Procedure and shows the following:

### I.    JURISDICTION, VENUE AND PARTIES

1.    This is an action for breach of a maritime contract which is an admiralty and maritime claim within the meaning of 28 U.S.C. §1333, and is a maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure and Rules B and C of the Supplemental Rules of Certain Admiralty and Maritime Claims.

2.    Jurisdiction is proper in this Court pursuant to 28 U.S.C. §1333 and venue is proper in this district pursuant to 28 U.S.C. §1391(b)(2).

3.    Plaintiff-In-Intervention Novum, is the charterer of *B. No. 240,* IMO 8646848 ("*B No. 240*") and *BARBARA E. BOUCHARD*, IMO 9053141 ("*M/V Bouchard*"), a Delaware

corporation with its principal place of business located at 3200 Kirby Dr., Ste. 1000, Houston, Texas 77098.

4.      Defendant Bouchard Transportation Co, Inc. ("Bouchard"), is a New York corporation with its principal place of business located at 50 South Service Road, Suite 150, Melville, New York 11747.

5.      Defendant *B. No. 240* is a U.S. flag tank barge, currently under arrest in Corpus Christi, Texas within the jurisdiction of this Court.

6.      Defendant *M/V BARBARA E. BOUCHARD* is a U.S. flag tug, currently under arrest in Corpus Christi, Texas within the jurisdiction of this Court.

7.      Venue is proper in this jurisdiction because Defendant's assets are in the custody of the Southern District of Texas and the breaches of contract have occurred here.

## II.      FACTUAL BACKGROUND

8.      On or about March 27, 2019, Novum entered into a Tanker Time Charter Party contract (the "Charterparty") with Bouchard.  Novum is in the energy logistics business providing fuel to customers throughout the U.S.  Pursuant to the terms of the Charterparty, Novum chartered from Bouchard tank barge *B No. 240* and tug *M/V Bouchard* (collectively, the "Vessel"), for the time period from April 5, 2019 through October 5, 2019 (a period which was subsequently extended through April 5, 2020, pursuant to an Addendum to the Charterparty and prepaid per Charter hire dated August 2, 2019 (the "Addendum")). Under the Charterparty, Novum chartered the Vessel and pre-paid charter hire monthly in advance.  In addition, upon taking delivery of the Vessel, Novum purchased a full supply of fuel and lubes (the "Bunkers").

9.      During the course of the charter, Bouchard had financial difficulties and defaulted on its obligations to Bay Houston Towing Co., Bollinger Amelia Repair, L.L.C. and Martin Energy Services, L.L.C. (the "Arresting Parties") for certain necessaries provided to the Vessel.  Upon information and belief, the Arresting Parties threatened Bouchard to arrest the Vessel.  To escape the arrest and in breach of the terms of the Charterparty, Bouchard hid the Vessel causing it to go

2

off hire to avoid the arrest.  Despite those maneuvers, the Vessel was arrested by the Arresting Parties.  As a result of the Bouchard's actions, Novum has suffered damages under the Charterparty as the Vessel has not been able to trade and allow Novum to serve its customers by delivering fuel cargoes.

### III.    CAUSES OF ACTION

**<u>Breach of Charterparty</u>**

10.    Novum paid charter hire in advance for use of the Vessel.  Thus, while Bouchard was avoiding the arrest and ever since the arrest, the Vessel has not been at Novum's disposal. Novum is entitled to a refund of all pre-paid charter hire payments to Bouchard.

11.    Clause 3(a) Payment of Hire provides:

> Payments shall be made by electronic funds transfer, without discount or adjustment ~~except as specified in Clause 3 or elsewhere in the Charter~~, commencing with the date and hour (UTC) the Vessel is placed at Charterer's disposal as specified in Clause 5 and continuing to the date and hour (UTC) the Vessel is redelivered to Owner at the expiration or any termination of the Charter, except as may otherwise be provided in the Charter.  *Any hire paid in advance and not earned shall be returned to Charterer at once by Owner* and/or by any party to whom Owner may have permissively assigned the hire hereunder.  (Charterparty, § 3(a)).  (emphasis added).

12.    Bouchard has failed to comply with its obligations under the Charterparty by permitting the Vessel to be under arrest since December 13, 2019.  Contrary to Bouchard's obligations under the Charterparty, Bouchard did not prevent the arrest, has not posted security to release the Vessel from the arrest and is liable to Novum for damages.  Clause 10 Liens provides:

> If the Vessel, its bunkers or stores or cargo should be arrested, detained, impounded or otherwise held ("Detention"), or if Detention thereof should be threatened, the Owner shall promptly provide such bail or other security as may be required to prevent such Detention or to secure the release of the Vessel, its bunkers, cargo or stores from Detention, and shall indemnify Charterer and its Affiliates in respect of any loss, damage, and costs (including but not limited to attorney/client costs) resulting from Owner's failure

> to promptly provide such bail or other security as described above.
> *In addition, should Owner fail to promptly provide bail or other*
> *security as described above, Charterer shall have the right to incur*
> *such costs on Owner's behalf, but Owner shall remain liable for all*
> *indemnity obligations under this Clause*.  (Charterparty, § 10).
> (emphasis added).

13.     As a result of the arrest, Novum had to search for and charter substitute vessels in the spot market to serve its customers.

14.     In light of Bouchard's failure to perform and its failure to secure release of the Vessel, Novum has mitigated its continuing damages by chartering replacement vessels for the remainder of the charter.  Novum paid for Bunkers which were consumed for the benefit of Bouchard while it avoided the arrest, and now the Bunkers are being consumed for the benefit of the Court.  As such, the value of these Bunkers consumed since the arrest are to be paid to Novum as *custodia legis* costs.  Clause 11(c) Off-Hire provides:

> In the event of loss of time by detention of the Vessel by authorities
> at any place in consequence of legal proceeding against the Vessel,
> Owner, Vessel operator, Master and/or crew, or by reason of any
> strike or boycott against the Vessel, payment of charter hire shall
> cease for all time so lost. *The cost of fuel consumed as well as all*
> *additional port charges, pilotage, and other expenses incurred*
> *during the time so lost shall be borne by Owner*.  (Charterparty, §
> 11(c)).  (emphasis added).

15.     Finally, Section 10 of the Charterparty expressly provides Novum with a maritime lien on the Vessel for all damages resulting from Bouchard's breach of the Charterparty:

> Charterer shall have a lien on the Vessel for all monies paid in
> advance and not earned, all disbursements and advances for
> Owner's account, including commissions, cost of insurance and
> expenses thereon, all amounts due to Charterer under the Charterer,
> and for any damages sustained by Charterer or its Affiliates as a
> result of any breach of the Charter by Owner.  (Charterparty, § 10).

16.     As a result of Bouchard's aforementioned breaches, Novum suffered damages in the approximate amount of $1,318,571.28.

4

**Rule B Attachment and Rule C Arrest**

17.     Pursuant to Rules B and C of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions to the Federal Rules of Civil Procedure 46 U.S.C. § 31341, *et. seq*, Novum has a maritime lien against the Vessel for the amount of $1,318,571.28 for provisions of necessaries, specifically Bunkers to the Vessel, as well as a lien for breach of the Charterparty which may be enforced by the attachment of and *in rem* seizure of the Vessel.

18.     The Charterparty at Clause 29 provides that all disputes be resolved in arbitration in New York.  Accordingly, Novum's intervention in this proceeding is for the purpose of obtaining security for an ultimate award from the arbitration which Novum commenced on February 19, 2020 against Bouchard.

19.     Therefore, Novum requests that process in due form of law, according to the practices of this Court is issued against the Vessel, her engines, machinery, tackle, apparel, equipment, rigging, and all other necessary appurtenances, and freight, etc.

20.     Novum is entitled to recover its attorney fees' under Clause 10 of the Charterparty for Bouchard's failure to provide security or release the Vessel from arrest.

21.     All the foregoing premises are true and correct and within the Admiralty and Maritime Jurisdiction of this Court.

WHEREFORE, Novum respectfully requests that this Court grant the following relief:

(1)     That process in due form of law, according to the practice of this Court in cases of admiralty jurisdiction issue *in rem* against the Vessel her engines, machinery, tackle, apparel, equipment, rigging, and all other necessary appurtenances, and freight, etc., and *in personam* against Bouchard.

(2)     That a judgment be entered *in rem* in favor of Novum against the Vessel, her engines, machinery, tackle, apparel, equipment, rigging, and all other necessary appurtenances, and freight, etc., and judgment *in personam* against Bouchard;

(3)     That the Court retain jurisdiction over the Vessel, within the District in order to enter a judgment upon any decree in these proceedings;

(4)     That the "necessaries" provided by Novum and the damages stemming from the breach of the Charterparty be declared to be a valid and subsisting lien upon the

Vessel, her engines, machinery, tackle, apparel, equipment, rigging, and all other necessary appurtenances, and freight, etc., and all other equipment and necessaries belonging and appurtenant thereto, which to the extent permitted by applicable law is prior and superior to other potential interest, liens or claims of any and all persons, firms or corporations whatsoever;

(5)   That the Bunkers consumed by the Vessel while avoiding and during the arrest are to be paid to Novum as *custodia legis* costs.

(6)   That Novum be awarded its attorneys' fees and costs of this action; and

(7)   That Novum be granted all such other and further relief as equity, justice and the nature of this case will allow

DATED this 19th day of March, 2020.

FOLEY GARDERE
FOLEY & LARDNER LLP

By:  */s/ Anacarolina Estaba*
Peter A. McLauchlan
State Bar No. 13740900
Federal Bar No. 6370
pmclauchlan@foley.com
Anacarolina Estaba
State Bar No. 24085298
Federal Bar No. 964979
aestaba@foley.com
1000 Louisiana, Suite 2000
Houston, Texas 77002-2099
Telephone: (713) 276-5500
Facsimile:  (713) 276-5555

*ATTORNEYS FOR PLAINTIFF-IN- INTERVENTION,*
*NOVUM ENERGY TRADING INC.*

## CERTIFICATE OF SERVICE

I certify that on March 19, 2020, a copy of the forgoing was electronically filed on the CM/ECF system, which will automatically serve a Notice of Electronic Filing on all parties registered to receive such notice.


/s/ Anacarolina Estaba
Anacarolina Estaba

## **VERIFICATION**

STATE OF TEXAS                    §
                                  §
COUNTY OF HARRIS                  §

    Before me, the undersigned authority, personally appeared Christopher John Scott , as Chief Financial Officer  of Novum Energy Trading Inc., who has produced British Passport Number 517516956 as identification or is personally known to me, and who was duly sworn and says that he has read the foregoing Verified Complaint and is familiar with its contents which are true to the best of his information and belief.

    Dated this 20th day of February 2020.

Christopher Scott
Chief Financial Officer

**novum**
energy
Novum Energy Trading Inc.

CARMINA ALVAREZ
Notary Public, State of Texas
Comm. Expires 12-14-2021
Notary ID 131380744

Notary Public, State of Texas

My Commission Expires: 12|14|2021

4847-7303-9795.5