UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| **BOLLINGER AMELIA REPAIR, LLC** | § § | |
| **vs.** | § § | **C.A. NO. 2:19-cv-00370** |
| **BOUCHARD TRANSPORTATION CO., INC., BARGE B NO 240, and B NO. 240 CORP.** | § § § § | |

**DEFENDANTS BOUCHARD TRANSPORTATION, CO., INC., BARBARA E. BOUCHARD, CORP., AND B NO. 240 CORP.'S OPPOSITION TO THE RECOMMENDATION OF MAGISTRATE JUDGE FOR THE INTERLOCUTORY SALE OF BARGE B NO. 240 AND M/V BARBARA E. BOUCHARD**

Comes now Defendants Bouchard Transportation Co., Inc. ("Bouchard"), B No. 240 Corp., and Tug Barbara E. Bouchard, Corp. which are respectively the operators of Barge B No. 240 and M/V BARBARA E. BOUCHARD, and the owner of the Barge B No. 240, and the owner of M/V BARBARA E. BOUCHARD, and for their opposition to the recommendation of Magistrate Judge for the Interlocutory Sale of Barge B No. 240 and M/V BARBARA E. BOUCHARD and show:

### I.  DISCRETION

1.  An interlocutory sale under Rule 9(E) is not mandatory, and a court retains considerable discretion in deciding whether to order an interlocutory sale. *United States v. Approx. 81,454 Cans of Baby Formula*, 560 F.3d 638, 641 (7th Cir-2009); *Triton Container International Limited v. Baltic Shipping Co.*, 1995 WL 217483 (E.D. La. 1995). An interlocutory sale is a harsh remedy, depriving an owner of its property without the Court having heard the Plaintiff's proof, and without having found that the owner is liable to the Plaintiff.

**II.**

2. Rule E (9) of the Supplemental Rules for Admiralty or Maritime Claims & Asset Forfeiture Actions governs the present proceeding. "On application of a party. . .the court may order all or part of the property sold . . . if (A) the attached or arrested property is perishable or liable to deterioration, decay, or injury by being detained in custody pending the action; (B) the expense of keeping the property is excessive or disproportionate; or (C) there is an unreasonable delay in securing release of the property."

**III.**

**A.   Perishable or Liable to Deterioration**

3. Only Intervening Plaintiff Novum Energy Trading, Inc. alleged the vessels were subject to deterioration, but offered no evidence of deterioration, only the speculative suggestion that the vessels were subject to damage by a hurricane. In the Memorandum and Recommendation, the Magistrate correctly made a finding that the vessels were not subject to deterioration.

**B.   Expense is Excessive**

4. Expense of keeping the property is excessive or disproportionate. There are differing views regarding the proper standard to evaluate whether the expense of keeping a vessel is excessive or disproportionate. Some courts measure the expense against the amount sought by the plaintiff. *See John W. Stone Oil Distrib., L.L.C. v. M/V LUCY*, No. 09-4440, 2009 WL 4166605, at *2 (E.D. La. Nov. 20, 2009). Others focus on whether the expense is excessive relative to the total value of the vessel. *See Adams Offshore, Ltd. v. Con-Dive, LLC*, No. 09-0378-WS-B, 2010 WL 433676, at *1 (S.D. Ala. Feb. 1, 2010). In a case from this district, a magistrate judge concluded that the expense of keeping a vessel was not excessive where the

monthly expenditure was $18,000, the total value of the claim was $859,100, and the value of the vessel was $32.5 million. *La. Intern. Marine, LLC v. Drilling Rig ATLAS CENTURY*, C.A. No. C-11-186, 2011 WL 7637219 at *2 (S.D. Tex. Nov. 21, 2011). The District Court adopted this recommendation. *La. Intern. Marine, LLC v. Drilling Rig ATLAS CENTURY,* C.A. No. C-11-186, 2012 WL 1067239 at *2 (S.D. Tex. Nov. 21, 2011). Under either standard, the cost of maintaining the vessels under arrest in this matter is neither excessive or disproportionate. The Magistrate Memorandum and Recommendation correctly denied the motion for interlocutory sale on the basis that the expense is neither excessive nor disproportionate.

**C.     Undue Delay**

5. Plaintiff, Bollinger Amelia Repair, LLC ("Bollinger") filed suit on December 9, 2019, claiming a maritime lien on the Barge B No. 240 for alleged outstanding bills for repair of the Barge B No. 240 (Doc. 1), despite the fact that Bollinger's management was aware the amount of the invoice was in dispute.

6. The Barge B No. 240 was served with the Warrant to Seize a Vessel on December 12, 2019, (Doc. 26).

7. Intervening Plaintiff, Novum Energy Trading, Inc.'s ("Novum") Motion for Leave to Intervene was filed February 21, 2020, (Doc 33), which was granted March 16, 2020. In its Verified Complaint, Novum asserted maritime liens against both the Barge B No. 240 and M/V BARBARA E. BOUCHARD. Both vessels were served on March 27, 2020.

8. Intervening Plaintiffs Tugz Company, LLC ("Tugz") and Steelstran Industries, Inc., ("Steelstran") sought to intervene on June 4, 2020, (Doc. 59), which motion was granted July 13, 2020, (Doc. 72), alleging liens on Barge B No. 240 and M/V BARBARA E. BOUCHARD. There has been no return of service on the vessels. Intervening Plaintiff Tugz

alleges a maritime lien against the Barge B No. 240 while Intervening Plaintiff Steelstran alleges a maritime lien against both Barge B No. 240 and M/V BARBARA E. BOUCHARD.

9. The M/V BARBARA E. BOUCHARD and Barge B No. 240 form an articulated tug and barge unit and are designed to operate as a unit. The M/V BARBARA E. BOUCHARD'S bow fits into a notch in the stern of the Barge B No. 240 and is mechanically secured which enables the vessels to effectively operate as one vessel (Doc. 65, Ex. 1), however the vessels are interchangeable within the fleet. According to Novum's expert, the two vessels are more valuable sold together than sold separately, (Doc 65, Ex. 1). "Novum also notes it is imperative to sell the tug and barge together because they are designed to work together." (Doc. 85, p. 6).

10. Although the Barge B No. 240 was arrested on December 12, 2019, the M/V BARBARA E. BOUCHARD was not arrested until March 27, 2020. As a general rule, owners are allowed at least four months to bond a vessel. *M/V Lucy*, 2009 WL 4166605 (E.D. La. 2009) citing *United States v. F/V Fortune*, 1987 WL 27274 (D. Alaska 1987). However, four months is not set in stone and is dependent on other circumstances. *United States v. F/V Fortune* id. at 1. In *Gyasi v. M/V Andre*, 2008 WL 906761 (S.D. Fla. 2008), the court refused to order an interlocutory sale where "[t]he vessel has been under arrest for over three months." at 2.

11. Here the arrest of M/V BARBARA E. BOUCHARD and Barge B No. 240 are not an isolated incident as described in *United States v. F/V Fortune*, where only one vessel was sought to be sold at interlocutory sale.

12. Bouchard operates a fleet of twenty-five (25) tugs and barges, with the majority being articulated tug and barge units ("ATBs"). As a result of market conditions, COVID-19 impacts, and various financial developments, Bouchard faced many claims that have resulted in

many of its tugs and barges being subjected to suits on the Eastern Seaboard and Gulf Coast. For example, in the Eastern District of Louisiana (C.A. No. 2:19-cv-14666), E.N. Bisso & Sons, Inc. attached the M/V DONNA BOUCHARD and Barge B No. 272, and sued Bouchard Transpiration Co., Inc.*, in personam*, in December 2019. Eventually, there was another suit (E.D.La. C.A. No. 2:20-cv-525) consolidated with that suit and ten additional parties intervened, adding claims against Tug Ralph E. Bouchard Corp., B. No. 239 Corp., Tug Danielle M. Bouchard Corp., B. No. 245 Corp., B. No. 270 Corp., Tug Bouchard Girls Corp., B No. 296 Corp., Tug J. George Betz, Corp., Barge B. No. 205 Corp., Tug Linda Lee Bouchard Corp., and B. No. 195 Corp. All of these claims were resolved and all cases dismissed on July 20, 2020. **Exhibit 1**. That settlement also resulted in the resolution of and dismissal of two attachment/garnishment actions (D.Del C.A. No. 20-cv-101, and W.D.Tx C.A. No. 20-cv-66) and the release of a vessel that had been arrested in New York (E.D.N.Y. C.A. No. 20-cv-01444).

13.    The Court is also requested to take notice of the dismissal of C.A. No. 2:19-cv-00368, *Martin Energy Services, LLC v. M/V Barbara E. Bouchard, et al.*, U.S. District Court for the Southern District of Texas, Corpus Christi Division on April 17, 2020, **Exhibit 2**, and Cause No. 2:20-cv-00049 *Bay-Houston Towing Co. v. M/V Barbara E. Bouchard, et al.* in the U.S. District Court for the Southern District of Texas, Corpus Christi, Division on April 8, 2020. **Exhibit 3**.

14.    Due to the plethora of claims filed against it in a number of venues, Bouchard has had to marshal its resources to respond to the claims. Management of Bouchard has moved diligently as its resources permitted to address the claims against it and to resolve them where possible.

15. Bouchard has not been idle in its efforts to seek the release of the vessels in this action. Bouchard's New Orleans counsel engaged in negotiations, albeit unsuccessful, with counsel for Bollinger to settle the claims alleged against the Barge B No. 240 in this case. See **Exhibit 4** (Exhibit 2 to opposition to motion for interlocutory sale of vessel, Doc. 69). Bouchard has also maintained an open line of communication with management of Bollinger to keep the negotiations alive. See **Exhibit 5** (Exhibit 1 to opposition to motion for interlocutory sale of vessel, Doc. 69). Courts have found delay reasonable when the delay was very brief and the shipowner demonstrated active efforts to secure release of the vessel. *Boland Marine & MFG. Co., LLC, et al. v. M/V A.G NAVAJO*, 2002 WL 31654856 (2002), citing *Action Marine, Inc. v. M/V NORSEMAN et al., 1997 U.S. Dist. LEXIS 5898, *3 (E.D.La.1997)* finding five month delay not unreasonable when parties were actively attempting to resolve the terms of the vessel's release.

16. Another complicating consideration is the timing of Novum's filing of its Opposed Motion for Leave to File Amended Complaint on June 16, 2020, and granted July 13, 2020. In its Amended Complaint, Novum increased its allegation of its damages from $1,318,571.28 to $3,224,190.34. This increased the amount of security for Novum's claim necessary to obtain the release of the vessels from $2,000,000.00 to over $4,500,000.00, and moved the amount necessary to secure the release of the vessels from all claims to approximately $6,500,000.00 (under the usual arrangement of security of 1½ times the claim). The purpose of not immediately ordering an interlocutory sale is to "allow defendants to provide a bond to secure release of the vessel." *United States v. F/V Fortune*, 1987 WL 27274 (D. Alaska 1987).

17. After a review of cases which granted an order for interlocutory sale, only one was found by counsel for Bouchard which granted an order for interlocutory sale based solely on

delay in securing the release of the vessel, *Bollinger Quick Repair, L.L.C. v. Le Pelican M/V*, 2000 WL 798497 (E.D. La. 2000).  *See* also *20th Century Fox Film Corp. v. M.V. Ship Agencies*, 992 F.Supp. 1434 (M.D. Fla. 1997) in which the defendants, eight months following the arrest, admitted that they lacked the financial capacity to obtain he release of the vessel.  Other cases, including *Bartell Hotels v. S/L TALUS*, 2020 WL 1849544 (S.D. Cal. 2020), *Boland Marine & MFG Co., LLC v. M/V A.G. NAVAJO*, 2002 WL 31654856 (E.D. La. 2002), and *Pee Dee State Bank v. F/V WILD TURKEY*, 1991 WL 355221 (So. Car. 1991) relied on deterioration of the arrested vessel plus unreasonable delay to justify ordering an interlocutory sale, while *John W. Stone Oil Distributor, LLC v. M/V LUCY*, 2009 WL 4166605 (E.D. La. 2009), *Ferrous Financial Services Co. v. O/S ARCTIC PRODUCED*, 567 F.Supp. 400 (W.D. Wash, 1983) and *Colonna's Shipyard, Inc. v. U.S.A.F. General Hoyt S. Vandenberg*, 584 F.Supp.2d 862 (E.D. Va. 2008) authorized an interlocutory sale based on excessive expense of maintaining the vessel under arrest together with unreasonable delay.  Neither deterioration nor excessive expense are factors in this case.

18.    Bouchard Transportation Co., Inc. has been working diligently to work through a very challenging situation, deploying its resources strategically to resolve claims where possible to do so.  Unlike the cases cited herein where the courts adopted a rule of thumb to allow at least four months to provide security for a single vessel, Bouchard has had to respond to multiple arrests in multiple ports.  These arrests, like the one in the case before the Court, have side-lined the arrested vessels and prevented their ability to carry cargo and earn income.  So unlike the arrest of a single vessel where expected security arrangements can be accomplished in four months or less, the arrangements to provide security for multiple vessels in multiple ports necessarily takes additional time.  Unlike a majority of the reported interlocutory sale cases, the

only factor the Recommendation and Order for Interlocutory Sale of Vessel relied upon is the reasonableness of the delay in arranging security. Even though the Barge B No. 240 has been under arrest seven (7) months, the Tug Barbara E. Bouchard has been under arrest for only four (4) months and the recommendation is to sell both vessels as a unit. Bouchard Transportation submits that the considerations present in this case warrant a period longer than four (4) months to arrange for the release of the vessels.

### IV.  CONCLUSION

19. Bouchard respectfully requests that the Court deny the Recommendation for the reasons set forth above.

20. In the event the Court adopts the Recommendation, Bouchard requests the Court follow the Recommendation insofar as it included a ninety (90) day period between the Order of Adoption and the sale in order to maximize the reach of marketing of the vessels for sale.

21. Bouchard does not envision that it would join with Bollinger and the Intervening Plaintiffs in any order for interlocutory sale, but requests the court, in granting any order for interlocutory sale to include a provision that any sale be conducted remotely to maximize participation by interested buyers who cannot attend a live auction at Corpus Christi, Texas, due to COVID-19 restrictions.

### V.  PRAYER

Whereof, premises considered, Bouchard Transportation Co., Inc. prays the Court deny the Recommendation for Interlocutory Sale of Both Vessels at this time without prejudice for refiling such motion after ninety days.

Respectfully submitted,

By:   */s/ James F. Buchanan*
     James F. Buchanan
     State Bar No. 03287500
     Federal ID No. 0328
     jbuchanan@welderleshin.com
     Marshall Swanson
     State Bar No. 24098490
     Federal ID No. 2801123
     mswanson@welderleshin.com

**ATTORNEYS-IN-CHARGE FOR DEFENDANT BOUCHARD TRANSPORTATION CO., INC. AND B NO. 240 CORP.**

OF COUNSEL:

WELDER LESHIN LLP
800 North Shoreline Blvd.
Suite 300, North Tower
Corpus Christi, Texas 78401
(361) 561-8000 – Telephone
(361) 561-8001 – Telefax

331326v2
30301.3

9

## CERTIFICATE OF SERVICE

      I hereby certify that a true and correct copy of the foregoing pleading was forwarded to the following attorneys of record, in accordance with the Federal Rules of Civil Procedure, on this the 29th day of July, 2020.

Matthew C. Guy
matthew.guy@arlaw.com
ADAMS AND REESE LLP
LyondellBasell Tower
1221 McKinney, Suite 4400
Houston, Texas 77010
***Attorneys for Bollinger Amelia Repair, LLC***

Peter A. McLauchlan
pmclauchlan@foley.com
Anacarolina Estaba
aestaba@foley.com
FOLEY GARDERE FOLEY & LARDNER LLP
1000 Louisiana, Suite 2000
Houston, Texas 77002-2099
***Attorneys for Plaintiff-in-Intervention,***
***Novum Energy Trading, Inc.***

J. Stephen Simms
jssimms@simmsshowers.com
SIMMS SHOWERS LLP
201 International Circle, Suite 250
Baltimore, Maryland 21030
***Attorneys for Plaintiffs-in-Intervention,***
***Tugz Company, LLC and Steelstran Industries, Inc.***

                                    */s/ James F. Buchanan*
                                    James F. Buchanan